**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                          NO. 2:07cr36

ELENA V. RYABIKINA,

      Defendant.

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on March 1, 2007, on the United States Government's Motion to Detain the defendant. For the reasons set forth below, the Court FINDS that the defendant's detention pending trial is warranted.

On June 8, 2006, a federal grand jury issued an indictment charging the defendant with one (1) count of conspiracy to commit marriage fraud and make false statements related to naturalization or citizenship, in violation of 18 U.S.C. § 371; one (1) count of marriage fraud, in violation of 8 U.S.C. § 1325(c); and one (1) count of false statements related to naturalization or citizenship, in violation of 18 U.S.C. § 1015(a).

The Court considered the nature and seriousness of the charges faced by Defendant. If convicted on evidence beyond a reasonable doubt at trial, Defendant faces significant penalties, including up to five (5) years imprisonment and a $250,000 fine.

The weight of the evidence against Defendant is strong.

Defendant, seeking to become a permanent lawful resident of the United States, entered into a sham marriage with Nathan W. Wicker, to whom her boyfriend, Andrei Baletski, paid $6,000, to induce Wicker to marry Defendant. Defendant has made incriminating admissions regarding this marriage as well as her efforts to arrange for a sham marriage for her boyfriend, Baletski, to a U.S. citizen. Baletski attempted to enter into a marriage with an Undercover Agent and faces criminal charges as a result. Both the Undercover Agent and Wicker are prepared to testify against Defendant.

The Court also considered the personal history and characteristics of Defendant. According to the Pretrial Services Report, Defendant was born in Zhuravskaya, Russia, and legally entered the United States on May 28, 2002, on political asylum. Defendant states that she is awaiting approval of her green card and is currently employed part-time as a food runner with Captain George's Restaurant, where she earns $7.50 per hour.

Defendant has strong ties to her family in Astrakhan, Russia. She has limited ties to friends in Virginia Beach, Virginia, including her boyfriend's aunt, who apparently offered to serve as third-party custodian for both Defendant and Defendant's boyfriend.

Defendant has no criminal record.

Defendant is the subject of a detainer filed by Immigration and Customs Enforcement, U.S. Department of Homeland Security. A copy of the detainer was admitted into evidence as Government's

Exhibit No. 2.  Consequently, if Defendant is released, it is likely that she could be deported.

Therefore, the Court FINDS that Defendant represents a risk of flight and that there is no condition or combination of conditions that would reasonably assure her return for further proceedings.

Accordingly, the Court FINDS that the defendant should be detained pending trial.  The Court therefore ORDERS the defendant DETAINED pending trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States

Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.

Entered on March 2, 2007

                                        /s/
                              F. Bradford Stillman
                              United States Magistrate Judge